**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 26-cv-0688-WJM

GABRIEL TEMAJ LOPEZ,

      Petitioner,

v.

JUAN BALTASAR, in his official capacity as Warden of the Denver
Contract Detention Facility, *et al*.

      Respondents.

---

**ORDER GRANTING ATTORNEY'S FEES
PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**

---

Before the Court is Petitioner Gabriel Temaj Lopez's Motion for Award of

Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA") ("Motion") (ECF

No. 16).  Respondents Juan Baltazar, in his official capacity as Warden of the Denver

Contract Detention Facility; George Valdez,[1] in his official capacity as Field Office

Director of U.S. Immigration and Customs Enforcement ("ICE"); Markwayne Mullin,[2] in

his official capacity as Secretary of the U.S. Department of Homeland Security; Todd

Lyons, in his official capacity as Acting Director of ICE; and Todd Blanche,[3] in his official

capacity as Attorney General of the U.S. Department of Justice (collectively,

---

[1] George Valdez replaced Robert Hagan as Field Office Director of U.S. Immigration and Customs Enforcement.

[2] Markwayne Mullin replaced Kristi Noem as Secretary of the U.S. Department of Homeland Security.

[3] Todd Blanche replaced Pamela Bondi as Attorney General of the U.S. Department of Justice.

"Respondents" or "the Government"), filed a response.  (ECF No. 17.)  Temaj Lopez filed a reply.  (ECF No. 18.)

For the following reasons, the Motion is granted.

## I.   DISCUSSION

In February 2026, Temaj Lopez filed his habeas corpus petition challenging his mandatory detention under the Government's new interpretation of 8 U.S.C. §§ 1226, 1225(b)(2).  (ECF No. 1.)  In March 2026, the Court granted that petition and ordered that he be given a bond hearing.  (ECF No. 14.)   Temaj Lopez was ultimately granted bond in the amount of $3,000, which he posted.  (ECF No. 16 at 5.)  He now "moves the Court for an award of $4,633" under EAJA.  (*Id.* at 1.)

The Government opposes the Motion on a single ground: In its view, attorney fees are not available under EAJA in these circumstances because the Government's position was substantially justified.  (*See* ECF No. 17 at 3 (citing 28 U.S.C. § 2412(d)(1)(B), which provides that fees are available to a prevailing party against the Government only if the latter's position in the case not substantially justified).)  If the Court rejects this argument, however, the Government "do[es] not dispute the amount of fees sought in this case (totaling $4,633)."  (*Id.* at 7.)

The Court does in fact reject the Government's argument.  As explained in its recent *Morales Lopez* decision, the Court found that the same position the Government has taken in this case—that section 1225(b), and not section 1226(a), applies—was not substantially justified.  *Morales Lopez v. Baltazar*, 2026 WL 1587510, at *5 (D. Colo. May 29, 2026).  There, the Court held "attorney fees under EAJA are available to Morales Lopez and those similarly situated."  *Id.* at 9.  Notably, the Government does

not advance any new or different arguments the Court did not already address and reject in *Morales Lopez*.  The Court will therefore apply its holding in *Morales Lopez* to the Motion presently before it.

For these reasons, and the fact that the Government does not dispute the fee amount sought by Temaj Lopez, the Motion will be granted in its entirety.  (ECF No. 16.)

## II.     CONCLUSION

Petitioner's EAJA Motion is GRANTED.  (ECF No. 16.)

The Government is ORDERED to pay Temaj Lopez his attorneys' fees in the amount of $4,633 by no later than **July 14, 2026**.


Dated this 16th day of June, 2026.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge